IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTINE A. NOVAK,

                    Plaintiff,                              ORDER

      v.                                        12-cv-105-slc

JP MORGAN CHASE, NATIONAL ASSOCIATION,

                    Defendant.

---

This is a civil action filed by plaintiff Kristine A. Novak who is proceeding pro se. Plaintiff has paid the $350 fee for filing this case.

The next step is for plaintiff to serve her complaint on the defendant.  Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint in which to serve the defendant. However, that is an outside limit with few exceptions.  This court requires that a plaintiff act diligently in moving the case to resolution.  If plaintiff acts promptly, she should be able to serve her complaint on the defendants well before the deadline for doing so established in Rule 4.

To help plaintiff understand the procedure for serving a complaint, I am enclosing with this order copies of documents titled "Procedure for Serving a Complaint on a Corporation in a Federal Lawsuit" and Wis. Stat. § 801.11.  Pursuant to Wis. Stat. § 39.07, plaintiff should serve defendant JP Morgan Chase, National Association according to the procedure for serving a corporation in a federal lawsuit.  In addition, I am enclosing to plaintiff an extra copy of her complaint and the forms she will need to send to the defendant in accordance with the procedures set out in Option 1 of the memorandum.

Along with her complaint, plaintiff has filed a motion for injunctive relief.  *See* dkt. 2. This court requires that a party seeking preliminary injunctive relief follow specific procedures for obtaining such relief.  In particular, plaintiff has not submitted admissible evidence to support her request for injunctive relief and has not proposed facts supported by such evidence.

Therefore, I will deny her motion without prejudice to her refiling it, because she has failed to follow this courts' procedures for obtaining injunctive relief.  Those procedures are described in a document titled "Procedure To Be Followed On Motions For Injunctive Relief," a copy of which is included with this order.  Plaintiff should pay particular attention to those parts of the procedure that require her to submit proposed findings of fact in support of her motion and to point to admissible evidence in the record to support each factual proposition.

ORDER

IT IS ORDERED that

1.  Plaintiff serve her complaint on the defendant promptly.  She should file proof of service of her complaint as soon as she has served the defendant.  ("Proof of service" is explained in the attachments.)  By May 15, 2012, plaintiff is to file proof of service of her complaint on the defendant or tell the court why she cannot do so.  If she does not file the proof of service or explain why she could not serve the defendant, I will order her to explain why her case should not be dismissed for lack of prosecution; and

2.  Plaintiff's plaintiff's motion for a preliminary injunction, dkt. 2, is DENIED without prejudice.

Entered this 15th day of March, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge